Onibokun v. Chandler

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand nineteen.

PRESENT:

AMALYA L. KEARSE,
DENNIS JACOBS,
ROBERT D. SACK,
                    *Circuit Judges.*

_____

Adedotun Onibokun, Eniola Onibokun,

                    *Plaintiffs-Appellants,*

        v.                                                  18-253

Rick D. Chandler, as
Commissioner/Executive Officer NYC
Department of Buildings/Office of the
NYC Dept. of Buildings, City of New
York, Scott Stringer, (as Commissioner) /

**Executive Officer  NYC Comptroller,**
**Office of the NYC Comptroller,**

*Defendants-Appellees.*

_____

<table>
<tr><td>**FOR PLAINTIFFS-APPELLANTS:**</td><td>Jomo Gamal Thomas, Valley Stream, NY.</td></tr>
<tr><td></td><td></td></tr>
<tr><td>**FOR DEFENDANTS-APPELLEES:**</td><td>Anna Wolonciej (Jane L. Gordon, Dona B. Morris, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.</td></tr>
</table>

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*; Bloom, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Adedotun Onibokun and Eniola Onibokun appeal the judgment dismissing their 42 U.S.C. § 1983 amended complaint as untimely, declining to exercise supplemental jurisdiction over their state law claims, and declining leave to file a second amended complaint.   The complaint alleges that their home was damaged by an unlicensed contractor who was granted a construction permit without proper municipal verification or investigation.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012).

2

The Onibukuns' federal law claims are subject to a three-year statute of limitations. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (Section 1983 claims filed in New York are subject to a three-year statute of limitations). These claims accrued when they "kn[ew] or ha[d] reason to know of the injury which is the basis of [their] action." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (internal quotation marks omitted). The tolling rules governing section 1983 actions are drawn from state law "unless applying the state's tolling rules would defeat the goals of the federal statute." *Pearl*, 296 F.3d at 80 (internal quotation marks omitted). Under New York law, "[t]he doctrine of equitable estoppel applies where it would be unjust to allow a defendant to assert a statute of limitations defense . . . [and] will apply where [a] plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" and reasonably relied on the defendant's misrepresentations. *Zumpano v. Quinn*, 6 N.Y.3d 666, 673–74 (2006) (internal quotation marks omitted).[1]

The Onibokuns' claim accrued when they knew of their injuries—the damage to their home, the fines, and the stop-work order—in 2011. *See Veal*, 23 F.3d at 724. This action, commenced in 2016, is therefore barred by the three-year statute of limitations. *See Pearl*, 296 F.3d at 79. The Onibokuns argue for a later accrual or, in the alternative, equitable tolling. First, they argue that they did not learn until 2014 that a Department of Buildings ("DOB") inspector had trespassed on their property prior to issuing the 2011 order and that they lacked sufficient evidence until 2014 about the property's condition. But this alleged trespass has no bearing on the allegations they made in their amended complaint, which were, in essence, that the DOB violated their rights by issuing a permit without verifying their contractor's documents, subjecting them to fines and a stop-work order for their contractor's wrongdoing, and failing to prosecute their contractor. The amended complaint does not allege that the property should not have been ordered to be demolished; to the contrary, the allegation is that their contractor had "negligently and incompetently collapsed . . . three foundation walls" such that "the building could no longer hold any structure"

---

[1] New York courts use the term "equitable estoppel" to describe, among other things, a court's power to toll the statute of limitations as a matter of fairness. *See Pearl*, 296 F.3d at 85.

and "became unsafe to the home owners and their immediate neighbors."   And since plaintiffs' brief on appeal reveals that photographs of the damage property taken during the alleged trespass were shown to the Onibokuns at a DOB hearing in 2012, they had reason to know these facts in 2012, and their 2016 complaint was still untimely.   Second, they argue that they are entitled to tolling because the Comptroller's office delayed disposition of a complaint that they filed with that office.   However, disposition of that complaint was not a prerequisite to filing this suit—and indeed, the Onibokuns seem to allege that the Comptroller never reached a final disposition.   Because neither of these arguments sets forth circumstances that "induced . . . [them] to refrain from filing a timely action," equitable tolling is not available.   *Zumpano*, 6 N.Y.3d at 674.

This Court reviews de novo the denial of leave to amend as futile.   *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).   Leave to amend is futile when a plaintiff cannot cure the deficiencies in his pleadings to allege facts sufficient to support his claim.   *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).   The additional allegations that the Onibokuns could raise in a second amended complaint would not render their complaint timely.

A district court's decision declining to exercise supplemental jurisdiction is reviewed for abuse of discretion.   *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018).   Because the district court properly dismissed the Onibokuns' federal claims, we find no abuse of discretion here.   *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

We have considered all of the Onibokuns' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4